UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

HENRY BARROW,
    Plaintiff,

vs.                                                                 08-1376,

EDDIE JONES, et. al.,
    Defendants.

## CASE MANAGEMENT ORDER

    This cause is before the court for case management and consideration of the plaintiff's motions for appointment of counsel. The plaintiff appeared pro se. The defendants were represented by Assistant Illinois Attorney General Joseph Rupcich and Attorney Theresa Powell.

    The pro se plaintiff, Henry Barrow, filed his complaint pursuant to 42 U.S.C. §1983 against three defendants from Pontiac Correctional Center including Warden Eddie Jones, Assistant Warden Marcus Hardy and Medical Director Sylvia Mahone. On January 15, 2009, the court conducted a merit review of the complaint and found that the plaintiff had stated the following claims: a) the defendants violated the plaintiff's Eighth Amendment rights when he was denied all out-of-cell exercise for months; and b) the defendants violated the plaintiff's Eighth Amendment rights when they were deliberately indifferent to his serious medical condition. January 15, 2009 Merit Review Order. Both claims are against the defendants in their individual capacities.

    Specifically, the plaintiff alleges that he began to suffer a variety of medical problems based on his inability to exercise. The plaintiff states he put in numerous sick call requests, but his requests were ignored. The plaintiff says he was eventually allowed an X-ray which revealed that he suffered from arthritis in his lower back.

    The plaintiff has filed several motions for appointment of counsel. [d/e 12, 22, 29]. The plaintiff says he only has a 10th grade education and suffers from mental illness. The plaintiff has attached an "Initial Evaluation" to his motion that is dated June 29, 2007. In the evaluation, a psychiatrist notes that the plaintiff does have a history of schizophrenia, but is receiving medication for his condition.

    In considering the plaintiff's motions for appointment of counsel, the court asks: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir.1993).

    The plaintiff has provided letters demonstrating that he has attempted to find counsel. [d/e 22]. The court finds that the plaintiff has made a reasonable attempt to obtain counsel. [d/e 22] In addition, the court finds that at this point in the litigation, the plaintiff does appear competent to litigate his claims. First, the plaintiff's pleadings are clear, succinct and on point. Second, the

plaintiff is an experienced litigator.  The plaintiff represented himself in two cases filed in the United States District Court for the Southern District of Illinois: *Barrow v Dr. Vallabhanei,* Case No. 04-161 and *Barrow v. Peat,* Case No. 01-735.  In addition, the plaintiff is currently representing himself in the United States District Court for the Northern District of Illinois in *Barrow v Herniaz,* Case No. 09-2347.   Third, while this case does involve a claim concerning the plaintiff's medical care, it is not complex.  The plaintiff says he filed numerous sick call requests, but his requests were ignored.   The plaintiff claims he was denied medical care.  Therefore, the plaintiff can ask for copies of all his sick call requests as well as his medical records during the discovery process.  The sick call requests will verify the times he asked for medical care and the medical records will demonstrate whether or not anyone provided care to the plaintiff.  The plaintiff can also ask for any records demonstrating when he was allowed or denied yard time during the relevant time period.   Fourth, the initial evaluation the plaintiff provided to the court does not demonstrate that the plaintiff is currently precluded from investigating the facts that give rise to his complaint.   Finally, the court grants *pro se* litigants wide latitude in the handling of their lawsuits.   The motions are denied.

**IT IS THEREFORE ORDERED that the plaintiff's motions for appointment of counsel are denied. [d/e 12, 22, 29].**

Entered this 4th Day of November, 2009.

s\Harold A. Baker

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE